# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

ALTERNATIVE MATERIALS, LLC,

    Plaintiff,

v.                                          Case No. 5:20-cv-239-AW/MJF

TIMOTHY W. MONROE, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before this court on Plaintiff Alternative Materials LLC's ("AM") "Motion to Amend and Dismiss Claims Against TCH Construction Group Inc." Doc. 95. The undersigned afforded TCH Construction Group Inc. ("TCH") an opportunity to respond, but TCH has not responded. *See* Doc. 98. For the reasons set forth below, the undersigned respectfully recommends that the District Court grant AM's motion and dismiss AM's claims against TCH. Additionally, the undersigned respectfully recommends the District Court dismiss TCH's counterclaims against AM and the District Court enter final judgment.

## I. Background

### A. AM's Amended Complaint and Claims

On September 9, 2020, AM commenced this civil action against four Defendants: TCH, TRM Transporting, LLC ("TRM"); Timothy Monroe, and Akers Building Systems, Inc. ("Akers"). Doc. 1 at 1. On October 2, 2020, AM filed an amended complaint and asserted seven claims:

- Count I—Breach of Contract against TCH and Monroe;
- Count II—Breach of Contract against Akers and TRM;
- Count III—Fraudulent Misrepresentation against TCH and Monroe;
- Count IV—Fraud in the Inducement against TCH and Monroe;
- Count V—Unjust Enrichment against all Defendants;
- Count VI—Breach of the Implied Covenant of Good Faith and Fair Dealing against TCH; and
- Count VII—Fraud against TCH and Monroe.

Doc. 4 at 12–21. On October 2, 2020, AM filed an acknowledgment of service for each Defendant. Docs. 5, 6, 7, 8.

## B. Akers and AM's Joint Notice of Dismissal

On May 19, 2021, AM and Akers filed a joint motion to dismiss with prejudice AM's claims against Akers. Doc. 28. The District Court construed the motion as a stipulation of dismissal and on May 20, 2021, the District Court concluded that "the stipulation is effective without an order" and "confirm[ed] that AM's action against Akers . . . ha[d] been dismissed." Doc. 29. The District Court further stated, "The case will continue against" TCH, TRM, and Monroe. *Id.*

## C. Monroe, TCH, and TRM's Answer and TCH's Counterclaim

On November 3, 2020, Monroe, TRM, and TCH—through their then counsel—filed their answer and affirmative defenses. Doc. 15 at 1–13. Additionally, TCH filed counterclaims against AM for breach of contract and unjust enrichment. *Id.* at 13–18.

## D. Monroe, TCH, and TRM's Failure to Obtain New Counsel

On July 2, 2021, Monroe, TCH, and TRM's counsel moved to withdraw as counsel. Doc. 32. On July 23, 2021, the District Court granted the motion to withdraw. Doc. 34. The District Court stayed the case for 30 days and explained:

> The individual defendant (Mr. Monroe) may retain new counsel. The organizational defendants *must* retain new

> counsel because corporations and other business organizations may not represent themselves in this court. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *see also Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). If no new counsel has filed a notice of appearance on behalf of either TCH or TRM within 30 days, a default judgment may be entered upon Plaintiff's motion.
>
> Tim Monroe will proceed *pro se* if no new counsel appears on his behalf.

*Id.* at 2 (emphasis in original). On August 27, 2021, after Defendants failed to retain counsel, the District Court lifted the stay. Doc. 37.

### E. AM's Motion for Default Against TRM and TCH.

On September 1, 2021, AM filed a motion requesting entry of default against TRM and TCH. Doc. 38. On October 4, 2021, the undersigned granted the motion, and the clerk of court entered a default against TRM and TCH. Doc. 40.

### F. AM's Motion for Default Judgment Against TRM and TCH and The Notice of Chapter 11 Bankruptcy

On July 27, 2022, AM moved for s default judgment against TCH and TRM. Doc. 67. On October 28, 2022, the District Court received notice that on October 4, 2022, TCH filed a Chapter 11 petition in the U.S. Bankruptcy Court for the Eastern District of North Carolina. Doc. 76.

On December 7, 2022, the District Court entered an order recognizing that TCH's bankruptcy proceeding "automatically stay[ed] all proceedings in this case against TCH . . . until otherwise ordered." Doc. 78 at 1. The stay, however, did not extend to the claims against Monroe and TRM. *Id.*

On March 8, 2023, the District Court denied AM's motion for default judgment against TRM and TCH. Doc. 80. The District Court found that AM had "not stated a plausible claim against TRM upon which default judgment can enter." *Id.* at 4. Therefore, the District Court dismissed AM's claims against TRM. *Id.* at 5. The District Court denied without prejudice AM's motion for a default judgment against TCH because of the bankruptcy stay. *Id.* The District Court explained that AM "may renew its motion if the stay lifts." *Id.* at 5.

### G. AM's Motion for a Default Judgment Against Monroe

On February 17, 2022, AM moved for summary judgment on all claims against Monroe. Doc. 54. Monroe did not respond to the motion despite the undersigned's inviting Monroe to do so. On June 1, 2022, the undersigned recommended that the District Court deny AM's motion for summary judgment. Doc. 63. The District Court adopted the

undersigned's report and recommendation and denied AM's motion for summary judgment. Doc. 64.

On July 6, 2024, the undersigned ordered AM and Monroe to file their pretrial documents. Doc. 66. The undersigned ordered AM to file its pretrial documents on or before August 5, 2022. *Id.* at 4. The undersigned ordered Monroe to file his pretrial documents **"TWENTY-ONE DAYS** after Plaintiff" filed its pretrial documents. *Id.*

On August 5, 2022, AM filed its pretrial documents. Doc. 68. Monroe, however, did not file his pretrial documents. Consequently, on September 2, 2022, the undersigned ordered Monroe to explain and show cause for his failure to submit the pretrial documents. Doc. 72. The undersigned imposed a compliance deadline of September 19, 2022. Monroe did not comply with that order.

On October 11, 2022, AM filed a motion for entry of default against Monroe. Doc. 74. The undersigned construed AM's motion as a motion for default judgment under Rule 37(c)(1) and afforded Monroe an opportunity to oppose AM's motion, Doc. 75. Monroe filed a one-page letter, which the undersigned construed as a response in opposition. Docs. 77 & 79.

On January 23, 2023, the undersigned recommended that the District Court grant in part and deny in part AM's motion for a default judgment. Doc. 79. The undersigned concluded that a default judgment was appropriate as to AM's claim of fraudulent misrepresentation and fraud. The undersigned further recommended that the District Court refer those claims to the undersigned for a hearing to determine the appropriate damages to be awarded. *Id.* at 26. As for AM's remaining claims against Monroe (breach of contract, unjust enrichment, and fraud in the inducement), the undersigned concluded that AM failed to adequately plead the claims in its operative complaint. Therefore, the undersigned recommended those claims be dismissed. *Id.*

On March 8, 2023, the District Court adopted the undersigned's recommendation; dismissed AM's breach of contract, unjust enrichment, and fraud in the inducement claims against Monroe; and referred the matter to the undersigned to conduct an evidentiary hearing as to the appropriate amount of damages for AM's claims of fraudulent misrepresentation and fraud. Doc. 81.

On March 29, 2023, the undersigned conducted an evidentiary hearing to determine the damages stemming from AM's claims of

fraudulent misrepresentation and fraud as to Monroe. Based on the evidence adduced at the hearing, the undersigned recommended that the District Court enter judgment in favor of AM against Monroe in the amount of $169,935.78, which entailed $150,000 in damages and $19,935.78 in prejudgment interest. Doc. 92.

On August 28, 2024, the District Court adopted the undersigned's recommendation. Doc. 94. The District Court concluded that final judgment could not be entered at that time because "there remain[ed] issues outstanding, including the claims against TCH . . . and Monroe's counterclaim against Alternative Materials." *Id.* at 1.

### H.     AM's Status Report and Motion to Amend

On May 30, 2024, AM filed a status report stating that TCH's bankruptcy proceeding was closed and that AM "received $6,235.04 as a percentage distribution as a creditor of TCH . . . from the bankruptcy case." Doc. 95 at 1. On July 31, 2024, the undersigned ordered AM to further prosecute its claim against TCH or move to dismiss. Doc. 96.

On August 29, 2023, AM filed a motion seeking to amend its complaint so that it could dismiss its claims against TCH. Doc. 97. AM filed its proposed amended complaint. Doc. 99. In the proposed amended

complaint, AM omitted all of its claims against TCH, Akers, and TRM. *See id.* Furthermore, the factual basis of its claims against Monroe have not changed. *Compare* Doc. 4 with Doc. 99. TCH has not opposed AM's motion.

## I.     TCH's Failure to Prosecute the Counterclaims

Because TCH had not obtained counsel and had not prosecuted it's counterclaims, on August 30, 2024, the undersigned ordered TCH to show cause for its failure to prosecute. Doc. 98. The undersigned imposed a compliance deadline of September 9, 2024. *Id.* TCH has not complied with that order.

## II. Discussion

### A.     The District Court Should Dismiss TCH's Counterclaims for Failure to Prosecute and Failure to Comply with Court Orders

The Federal Rules of Civil Procedure "authorize a district court to dismiss a claim, including a counterclaim, . . . for failure to prosecute or obey a court order." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th 1982). Additionally, federal courts have inherent authority "to enforce its order and ensure prompt disposition of legal actions." *Id.* at

1253; *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); N.D. Fla. Loc. R. 41.1.

On November 3, 2020, TCH filed counterclaims against AM for breach of contract and unjust enrichment. Doc. 15 at 13–18. TCH has failed to prosecute those counterclaims. Indeed, TCH has not been represented by counsel in this action since July 23, 2021. Additionally, TCH failed to comply with two court orders:

- TCH failed to comply with the District Court's order to obtain counsel, Doc. 34; and

- TCH failed to comply with the undersigned's order to show cause for its failure to prosecute its counterclaims. Doc. 98.

Furthermore, TCH did not comply with the District Court's request that it inform the District Court when the bankruptcy case was terminated and the automatic stay was lifted. *See* Doc. 78 at 2 ("Defendant TCH . . . is requested to file a notice within 21 days after the automatic stay ends either explicitly or by operation of law."). This additional failure further indicates that TCH has no intention of prosecuting its counterclaims. TCH has offered no excuse for its failures and, consequently, has not shown good cause. Because TCH failed to

comply with court orders and has failed to prosecute its counterclaims against AM, the District Court should dismiss TCH's counterclaims.

B. **The District Court Should Grant AM's Motion to Amend Its Complaint and Thereby Abandon Its Claims Against TCH**

To dismiss claims against a defendant, a plaintiff may file a motion to dismiss pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023). When a party, however, seeks to dismiss less than an entire action, such as a single claim, it cannot use Rule 41. *Id.* at 1144. Instead, a party requesting to dismiss a single claim without dismissing an entire action can request to amend their complaint under Rule 15 and thereby abandon a claim. *Id.*; *Perry v. Schumacher Grp. of Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018).

Here, AM has requested leave to amend its complaint under Rule 15 so that it can dismiss all of its claims against TCH. Under Rule 15, "the court should freely give leave when justice so requires." Fed. R. Civ. P.15(a)(2). TCH has not filed a response in opposition to AM's motion despite being afforded an opportunity to do so. Furthermore, amendment would allow for the speedy disposition of AM's claims against TCH. For these reasons and in the interest of justice, the District Court should

grant AM's motion for leave to amend its complaint to abandon AM's claims against TCH.

## C. <u>The District Court Should Enter Final Judgment</u>

On August 28, 2023, the District Court concluded that final judgment could not be entered because there were outstanding claims: AM's claims against TCH and TCH's counterclaims against AM. Doc. 94. If the District Court adopts the recommendations set forth above, the respective claims and counterclaims would cease to exist. Accordingly, the undersigned recommends the District Court enter final judgment in favor of AM against Monroe as follows:

- $150,000 in compensatory damages, Doc. 92;
- $35,756.57 in prejudgment interest for the period of July 8, 2020, through the date of this R&R—September 12, 2024—based on the calculations reflected in the chart below;
- prejudgment interest of $37.25 per day from September 13, 2024 until the date the District Court enters final judgment; and
- post-judgment interest pursuant to 28 U.S.C. § 1961.

| Date | Annual Interest Rate | Daily Interest Rate | Amount of Judgment | Days | Prejudgment Interest |
|---|---|---|---|---|---|
| 7/8/2020 to 12/31/2020 | 6.03% | 0.000164754 | $150,000 | 176 | $4,349.51 |
| 1/1/2021 to 12/31/21 | 4.81% | 0.000131781 | $150,000 | 365 | $7,215.01 |
| 1/1/2022 to 12/31/22 | 4.42% | 0.000116438 | $150,000 | 365 | $6,374.98 |
| 1/1/2023 to 12/31/23 | 5.52% | 0.000151233 | $150,000 | 365 | $8,280.01 |
| 1/1/2024 to 9/12/2024 | 9.09% | 0.000248361 | $150,000 | 256 | $9,537.06 |
| | | | | | |
| | | | | **Total:** | **$35,756.57** |

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court

1. **DISMISS** Defendant TCH Construction Group Inc.'s counterclaims against Plaintiff Alternative Materials LLC for failure to prosecute;

2. **GRANT** Plaintiff Alternative Materials LLC's motion and dismiss Plaintiff's claims against Defendant TCH Construction Group Inc.; and

3. **ENTER** final judgment in favor of Plaintiff Alternative Materials LLC against Timothy W. Monroe in the amount of $150,000 in

compensatory damages, plus pre- and post-judgment interest as specified above.

**SO ORDERED** this 12th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**